United States District Court
Southern District of Texas
ENTERED
July 17, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| Elida Roxana Bernardino-Nolasco, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil No. 4:26-cv-3500 |
| | § | |
| Paul McBride, *et al.*, | § | |
| | § | |
| Respondents. | § | |

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Elida Roxana Bernardino Nolasco is a native and citizen of El Salvador who concedes she is subject to a final order of removal. Docs. 1 at 4, 7-1 at 2. On April 6, 2026, she was detained by the Department of Homeland Security under 8 U.S.C. § 1231 and she remains in the custody of Respondent, Warden of the Montgomery Processing Center, in Conroe, Texas. Docs. 7 at 2, 7-1 at 3. Petitioner seeks a writ of *habeas corpus* under 28 U.S.C. § 2241 on the grounds that her present detention without a bond hearing violates the *Accardi* Doctrine because her arrest violated agency regulations, and procedural due process.[1]Now before the Court is Respondent's Motion for Summary Judgment, Doc. 7, to which Petitioner has responded in opposition, Doc. 8. Respondent maintains that

---

[1] To the extent Petitioner contends that her detention violates the Immigration and Nationality Act, once a removal order becomes final, 8 U.S.C. § 1231(a) requires alien detention for a 90-day "removal period." And beyond that period, Congress has conferred authority to the Attorney General to discretionarily detain aliens to effectuate their removal. *See* 8 U.S.C. § 1231(a)(6) ("An alien order removed . . . may be detained beyond the removal period.")

Petitioner's detention remains lawful under the standard articulated in *Zadvydas v. Davis*, 533 U.S. 678 (2001). Doc. 7 at 5.

This Court previously addressed Petitioner's *Accardi* Doctrine challenge, determining that the legality of an alien detainee's arrest "has no bearing on a subsequent deportation proceeding" and that even when an arrest violates federal regulations, the Court cannot remedy the violation by ordering the detainee's release. *Campos Bernal v. Frink*, No. 4:26-cv-2239, 2026 WL 1804234, at *7 (S.D. Tex. June 23, 2026) (citing *Immigration and Naturalization Service v. Lopez-Mendoza*, 468 U.S. 1032, 1039–40 (1984)). Thus, the *Accardi* Doctrine provides no avenue for *habeas* relief in this case.

This Court has also previously resolved the Petitioner's constitutional challenge, construing *Zadvydas v. Davis* as establishing the following bright-line rule: "Once a removal order becomes administratively final, the government is authorized to detain an alien for six months to facilitate his deportation." Order Dismissing Petition*, Qambari v. Mullin*, No. 4:26-cv-2547, Doc. 12 at 5–7 (S.D. Tex. July 2, 2026) (citing *Zadvydas,* 533 U.S. at 678, 682, 701); *see also Martinez-Castillo v. Contreras*, No. 4:26-cv-2081 (S.D. Tex. July 14, 2026). During that six-month period, any constitutional challenge to detention must be dismissed as premature. *Qambari*, No. 4:26-cv-2547, Doc. 12 at 7.

Here, it is undisputed that Petitioner is subject to a final order of removal and has been detained since April 6, 2026—less than six months. Docs. 1 at 4–5, 7-1 at 2, 7-1 at 3. Petitioner neither alleges, nor adduces, any evidence suggesting, that she remained in

immigration custody for a significant period prior to the current period, the Court need not address whether to aggregate any prior time in custody with the current detention phase.[2] Accordingly, because Petitioner has not been detained for six months, the Petition must be dismissed as premature.

For the foregoing reasons, the PETITION is DENIED. The action is DISMISSED WITHOUT PREJUDICE to filing a subsequent Petition raising a due process challenge should Petitioner's detention exceed six months. The Clerk is directed to CLOSE this case. A final judgment shall be entered separately.

**SO ORDERED.**

**SIGNED** at Houston, Texas, on the 17th of July, 2026.

Nicholas J. Ganjei
United States District Judge

[2] Even if the Court were to account for the time between Petitioner's illegal entry into the country on August 6, 2015, Doc. 7-1, and her representation in opposition to the Motion that she "was released on bond by ERO on November 2, 2015," in the aggregate, her detention would still fall well short of the six months permitted by the *Zadvydas* Court.